THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(EASTERN DIVISION)

| | |
|---|---|
| BERNARD A. RITTEGER II,<br>DONNA D. RITTEGER,<br>BERNARD A. RITTEGER III, and<br>PATRICIA WHITTEN-STUBA<br><br>Plaintiffs,<br><br>vs.<br><br>CHESAPEAKE EXPLORATION, L.L.C.,<br>CHESAPEAKE APPALACHIA, L.L.C.,<br>STATOIL USA ONSHORE PROPERTIES,<br>INC., TOTAL E&P USA, INC., and<br>JAMESTOWN RESOURCES, L.L.C.<br><br>Defendants. | Case No. 4:13-cv-00391<br><br>JUDGE PEARSON<br><br>Electronically Filed |

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Chesapeake Exploration, L.L.C., Chesapeake Appalachia, L.L.C., Statoil USA Onshore Properties, Inc., TOTAL E&P USA, INC., and Jamestown Resources, L.L.C. move to dismiss Count II ("Fraud") and the Plaintiffs' demand for attorneys' fees for failure to state a claim upon which relief may be granted. The reasons in support of this Motion are fully set forth in the accompanying Memorandum.

Respectfully submitted:

/s/ O. Judson Scheaf III
O. Judson Scheaf III (0040285)
Gabe J. Roehrenbeck (0078231)
Welin, O'Shaughnessy + Scheaf LLC
240 N. Fifth Street
Columbus, Ohio 43215
Tel: (614) 484-0700
Fax: (888) 671-1828
Jud.Schaef@wos-law.com
Gabe.Roehrenbeck@wos-law.com

-and-

Kevin C. Abbott
Reed Smith, LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-3804
Fax: (412) 288-3063
kabbott@reedsmith.com

*Counsel for* Defendants

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(EASTERN DIVISION)

| | |
|---|---|
| BERNARD A. RITTEGER II,<br>DONNA D. RITTEGER,<br>BERNARD A. RITTEGER III, and<br>PATRICIA WHITTEN-STUBA | Case No. 4:13-cv-00391 |
| Plaintiffs, | JUDGE PEARSON |
| vs. | Electronically Filed |
| CHESAPEAKE EXPLORATION, L.L.C.,<br>CHESAPEAKE APPALACHIA, L.L.C.,<br>STATOIL USA ONSHORE PROPERTIES,<br>INC., TOTAL E&P USA, INC., and<br>JAMESTOWN RESOURCES, L.L.C. | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

In this lawsuit, the Plaintiffs Bernard A. Ritteger II, Donna D. Ritteger, Bernard A. Ritteger III, and Patricia Whitten-Stuba (collectively, "Plaintiffs") seek a declaration that the oil and gas leases encompassing their properties (the "Leases") are terminated, expired, cancelled or forfeited. The Plaintiffs claim that they are entitled to this relief because: (1) the Defendants failed to timely commence operations on the Plaintiffs' properties that were sufficient to extend the leases beyond the primary term of the Leases; (2) the Defendants failed to timely pay delay rentals pursuant to the terms of the Leases; and (3) the Defendants breached implied covenants under the Leases because there are "no producing or drilling wells" on the Plaintiffs' properties. In addition, to get around the fact that one of the Plaintiffs—Whitten-Stuba—signed a ratification of her Lease *after* the purported expiration and termination of her Lease in which she acknowledges and agrees that her Lease "is valid and shall remain in full force and effect"—the Plaintiffs assert a fraud claim and ask the Court to set aside the signed Ratification.

The Defendants dispute the validity of all of these claims and believe they have no merit. For the purposes of this Motion, however, Defendants seek only to dismiss the fraud claim (Count II) because that claim is not actionable under Ohio law. The fraud claim is premised on the purported representation by a land agent to Whitten-Stuba regarding the "legal status" of her Lease at the time she signed the Ratification. Legal opinion cannot form the basis for an actionable misrepresentation claim under Ohio law. Moreover, this fraud claim is premised upon the Plaintiffs' assumption that their position that the Lease expired is meritorious and that therefore the land agent's purported representations that the Lease was valid at the time the Ratification was signed was false. The Complaint does not plead facts showing that the land agent knew or should have known that the representation of the "legal status" of the Lease was false at the time it was made. To the contrary, the Defendants believe that the Leases were valid then and are still valid today. For these reasons, Count II should be dismissed.

In addition, there is no basis for the Court to award attorneys' fees as to any of the claims and that relief should be stricken and dismissed.

## BACKGROUND

The Plaintiffs are parties, respectively, to three oil and gas leases encompassing a total of 264.09 acres of real property situated in Columbiana County, Ohio. *See* Docket No. 1, Complaint at ¶¶ 13-15; Exhibits H, J, N. The Rittegers are each parties to a Lease executed on March 27, 2002, and Bernard Ritteger III is also party to a different Lease that was also executed on March 27, 2002. *See id.* Whitten-Stuba is a party to a Lease executed on February 26, 2002. *See id.* The Leases were extended by agreement for an additional five years, and the primary term of the Leases would have expired either March 27, 2012, or February 26, 2012. *See*

2

Complaint at ¶¶ 25-27. The Defendants subsequently acquired interests in the Leases. *See* Complaint at ¶¶ 20-21.

Whitten-Stuba executed an Amendment and Ratification of Oil and Gas dated April 5, 2012 with Defendants (the "Ratification"). *See* Complaint at ¶ 32; Exhibit U to Complaint. That Ratification added a revised Unitization and Pooling provision. *See id.* In addition, the Ratification provided for payment of a $30,000 "spud fee" if any well was drilled on her property. *See id.* The Ratification also made other minor revisions and additions to the Lease. The Ratification also provided that:

> Lessor ratifies, affirms, and adopts the terms of the above-referenced Lease, including any and all ratifications and amendments thereof and Lessor grants, leases and lets to Lessee, its successors and assigns, all of Lessors' interest in the oil and gas estate in the above-referenced lands, and hereby agrees and acknowledges that said Lease is valid and shall remain in full force and effect according to the terms and provisions thereof.

*See* Exhibit U to Complaint.

Count II of the Complaint admits that Whitten-Stuba signed the Ratification. *See* Complaint at ¶¶ 32-33. The Complaint alleges that prior to signing the Ratification, a land agent told Whitten-Stuba that her Lease was valid and that she must sign the ratification and amendment. *See id.* The Complaint alleges that at the time the Ratification was signed, the Lease was not valid because the Defendants had not complied with the terms of the Lease. *See id.* at ¶ 35. The Complaint alleges that the land agent "was aware" that the Lease had expired. *See id.* at ¶ 36. The Complaint further alleges that Whitten-Stuba would not have signed the Ratification if the land agent "had not misrepresented the legal status of the lease." *See id.* at ¶ 37. The Complaint alleges that the Ratification was fraudulently obtained. *See id.* at ¶¶ 39-41.

The Complaint also requests an award of "reasonable attorney's fees." *See* WHEREFORE Clause.

3

## ARGUMENT

**A.     Legal Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. The rule authorizes dismissal of a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *See Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio,* 502 F. 3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)). While the Court must accept all well-pleaded facts as true, it "need not . . . accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012).

**B.     Count II Does Not State An Actionable Fraud Claim**

Count II asks the Court to set aside the Ratification signed by Plaintiff Whitten-Stuba based upon the allegation that an unnamed land agent for "Defendant" told Whitten-Stuba that her Lease was valid prior to signing the Ratification. *See* Complaint at ¶ 35. The Complaint alleges that but for this misrepresentation of the "legal status of the lease" she would not have signed the Ratification. *See* Complaint at ¶ 37. This claim fails because it does not allege any actionable misrepresentation of fact, which is a necessary element of a fraud claim. Legal opinion cannot form the basis for a fraud claim under Ohio law. Moreover, the claim fails to allege any facts that demonstrate the land agent knew or should have known that the representation was false at the time it was made.

4

### 1.   *There Is No Representation of Fact Alleged*

To state a fraud claim under Ohio law, the Plaintiffs must establish the following elements: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to the veracity of the representation that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Equal Justice Foundation v. Deutsche Bank Trust Co. Americas*, 412 F. Supp. 2d 790 (S.D. Ohio 2005).

"Under Ohio law, however, an alleged misrepresentation of law cannot form the basis for a fraud or intentional misrepresentation claim." *Id.* (citing *Lynch v. Dial Fin. Co.*, 101 Ohio App. 3d 742, 750, 656 N.E.2d 714, 720 (Ohio App. 8th Dist. 1995); *Aetna Ins. Co. v. Reed*, 33 Ohio St. 283, 292-294 (1877)). "The principle that fraud must rest on a misrepresentation of fact, and cannot be supported by a misstatement of opinion, is based on the theory that 'everyone is equally capable of determining the law, is presumed to know the law and is bound to take notice of the law and, therefore, in legal contemplation, cannot be deceived by representations concerning the law or permitted to say he or she has been misled.'" *Id.* (quoting *Williston on Contracts,* Misstatements of Law, § 69:10 (4th Ed.)(2004)). "A nonactionable misrepresentation of legal opinion involves the legal meaning and effect of a statute, ruling, document, instrument or other source of law ...." *Equal Justice*, 412 F. Supp. 2d at 795-96 (quoting *Williston on Contracts, supra*). In *Lynch,* the Eighth Appellate District Court rejected a plaintiff's fraud claim that was predicated on allegations that the defendants misrepresented that the loans at issue were "lawful." The court affirmed the grant of summary judgment, observing

5

that "under Ohio law, a representation of law is an opinion and cannot form the basis of an action for fraud in the absence of a fiduciary duty." *See Lynch*, 101 Ohio App. 3d 742, 750, 656 N.E.2d 714, 720. The Court held that the trial court "could properly find that the plaintiffs' allegations of fraud were groundless as a matter of law … [t]here was no misrepresentation or concealment of a material *fact* nor reliance thereon, as required for common-law fraud." *Id.*

Count II of the Complaint is as "groundless" as the fraud claim in *Lynch* and should be rejected for the same reasons. The claim is predicted on a land agent's alleged representation as to the "legal status" of the Lease. *See* Complaint at ¶ 37. This is a non-actionable legal opinion that "involves the legal meaning and effect of a document." *See Equal Justice*, 412 F. Supp. 2d at 795-96. Because there is no actionable representation of fact, this claim fails as a matter of law and should be dismissed. *See Lynch, supra.*

### 2. There Are No Facts Alleged Demonstrating that the Defendant's Landman Knew the Representation of Lease Validity was False

To state an actionable fraud claim, it must be shown that the representation at issue was "made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to the veracity of the representation that the knowledge may be inferred." *See Equal Justice*, 412 F. Supp. 2d at 795. The Complaint alleges that the land agent for the Defendants was "aware" that Whitten-Stuba's Lease was expired due to the Defendants' failure to comply with its terms. *See* Complaint at ¶ 36. There are no facts alleged in the Complaint that support this conclusory assertion of "awareness." The fraud claim is premised on the Plaintiffs' assumption that they will prevail on their claim for a declaration that the Leases are expired. The Defendants dispute that claim and it has not yet been decided by the Court. The three asserted bases as to why the Plaintiffs believe that the Leases expired are: (1) the Defendants' alleged failure to conduct sufficient operations on the properties prior to the expiration of the primary term, (2) the

6

Defendants' alleged failure to timely pay delay rentals, and (3) the Defendants' alleged breaches of implied covenants. The Complaint asserts no facts that show that the land agent had any knowledge or awareness as to any of these claims in April, 2012 when the Ratification was signed. The Plaintiffs' conclusory pleading of "awareness" is merely a legal conclusion that cannot be credited in evaluating a motion to dismiss.[1] Accordingly, given the lack of factual support establishing the essential element that the Defendants had knowledge that the representation was false at the time it was made, Count II should be dismissed.

C.      **No Basis To Award Plaintiffs' Attorneys' Fees**

The Complaint seeks "reasonable attorney's fees." *See* WHEREFORE Clause at ¶ H. There is no basis under Ohio law to recover attorneys' fees in this case on any of the claims in the Complaint, and therefore the demand should be stricken and dismissed.

"Ohio courts typically follow the 'American Rule' which requires that each party involved in litigation to pay his or her own attorney fees." *See Moxley v. Pfundstein*, 801 F. Supp. 2d 598, 604 (N.D. Ohio 2011) (citing *McConnell v. Hunt Sports Ent.*, 132 Ohio App. 3d 657, 699, 725 N.E.2d 1193 (Ohio App. 1999)). There are three exceptions to this rule: (1) where statutory provisions specifically provide that a prevailing party may recover attorney fees, (2) where there has been a finding of bad faith, and (3) where the contract between the parties provides for fee shifting." *Id.* (citing *Pegan v. Crawmer*, 79 Ohio St. 3d 155, 156, 1997 Ohio 176, 679 N.E.2d 1129 (1997)). None of these circumstances exist here. There is no statute

---

[1] This claim serves only to underscore why a claim for fraud cannot be predicated on a legal opinion. The Plaintiffs claim that their Leases are expired based on various legal arguments. The Defendants disagree with that assertion. There are no facts alleged showing why the landman knew or should have known that the Leases were expired in April 2012 despite that the Defendants do not believe they are expired now and intend to defend against the claims that they are expired.

invoked in the Complaint as providing for the recovery of attorneys' fees. There is no provision in any of the Leases or other documents attached to the Complaint authorizing recovery of attorneys' fees. The Complaint does not allege bad faith conduct or allege any facts that would support a finding of bad faith conduct. Accordingly, the claim for attorneys' fees has no basis under Ohio law and should be dismissed.

## CONCLUSION

For the reasons discussed above, the Defendants request that the Partial Motion to Dismiss Count II of the Complaint be granted and that the request for attorneys' fees be stricken and dismissed.

Respectfully submitted:

/s/ O. Judson Scheaf III
O. Judson Scheaf (0040285)
Gabe J. Roehrenbeck (0078231)
Welin, O'Shaughnessy + Scheaf LLC
240 N. Fifth Street
Columbus, Ohio 43215
Tel: (614) 484-0700
Fax: (888) 671-1828
Jud.Schaef@wos-law.com
Gabe.Roehrenbeck@wos-law.com

-and-

Kevin C. Abbott
Reed Smith, LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-3804
Fax: (412) 288-3063
kabbott@reedsmith.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served upon the following via the Court's ECF system:

Sean Richard Scullin, Esq. #0084731
Timothy Joseph Cunning, Esq. #0088084
SCULLIN & CUNNING, LLC
940 Windham Court, Suite 4
Boardman, Ohio 44512

Dated: March 22, 2013

/s/ O. Judson Scheaf III

9